

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed April 30, 2015

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RODNEY ALLEN, | § | CASE NO. 14-44099-DM113 |
| | § | |
| Debtor. | § | |
| | § | |
| ALLIANCE REALTY CAPITAL, LLC | § | |
| its successors and assigns, | § | |
| Movant, | § | |
| | § | |
| VS. | § | |
| | § | |
| RODNEY ALLEN, | § | |
| | § | |
| Respondent. | § | |
| | § | |

### AGREED ORDER MODIFYING AUTOMATIC STAY

On this day came on to be considered the Amended Motion for Relief From Stay filed by

ORDER TERMINATING STAY - Page 1

**ALLIANCE REALTY CAPITAL, LLC, its successors and assigns** ("Movant"), one of the secured creditors (or an authorized representative thereof) in the above-entitled and numbered case. It appearing to the Court that Debtors and Movant have reached an agreement permitting modification of the Automatic Stay, and that due notice and opportunity for a hearing on said Motion has been given to the requisite parties in interest, the Court is of the opinion that said Motion should be granted and the Agreed Order should be entered.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that:

1. The arrearage in the amount of $1,861.75 representing the November 2014 through February 2015, mortgage installments [4 x $261.60=1,046.40]; late fees $39.15; and attorneys' fees and costs in the amount of $700 thereon that exist outside the Chapter 13 Plan on the total mortgage indebtedness shall be paid to Movant by Debtors by allowing Debtors to amend their Chapter 13 Plan and putting the arrearage into said Plan.

2. Debtors shall cause their Chapter 13 Plan to be amended by filing an amended Plan within twenty (20) days from the date this Order is signed by the Court.

3. Debtors shall pay to Movant all future regular monthly installments and escrow deposits on the mortgage indebtedness and future Trustee payments that become due on or after March 1, 2015, each such installment and deposit to be paid when such amounts become due, commencing on March 1, 2015 and continuing each month thereafter. All regular monthly mortgage installments must be made payable and mailed to **FCI Lender Services, P.O. Box 27370, Anaheim, CA 92809-0112.**

4. In the event the regular monthly payments to not include an escrow for ad valorem taxes or insurance, Debtor shall also timely pay all ad valorem taxes and applicable insurance related to the Property before the same becomes delinquent and shall provide evidence of such payment in writing to Movant.

5. In the event Debtors shall fail to pay any of the foregoing sums by the tenth (10th) day following the date said sums are due, and upon providing to Debtor and Debtor's attorney, Joyce W. Lindauer, 12720 Hillcrest Road, Suite 625, Dallas, TX 75230, written notice of such failure by certified mail, return receipt requested (for which Movant shall be entitled to charge and receive from Debtors the sum of $50.00 as a late payment notice fee), and Debtor's failure to cure such missed payments within (10) days from the date of the written notice, the Automatic Stay imposed by 11 U.S.C. §362(a), shall immediately terminate so that Movant may proceed with any and all remedies, at law or in equity or otherwise, to foreclose, sell and dispose of its collateral, free and clear from any interference or restriction of Debtor and without further notice or Order of this Court;

6. No more than two (2) such notices of failure will be given, and that upon the third (3rd) such failure to make payments pursuant to the terms set forth above, the Automatic Stay imposed by 11 U.S.C. §362(a), shall immediately terminate, and Movant may proceed with any and all remedies, at law or in equity, or otherwise, and may foreclosure, sell, and dispose of its collateral, free from any interference or restriction of Debtors and without further notice or Order of this Court;

7. In the event of a foreclosure, Movant herein shall immediately notify the Office of the Standing Chapter 13 Trustee and shall, within a reasonable time thereafter, amend or withdraw its claim in this case.

8. All communications including, but not limited to, notices required by state law, sent by Creditor in connection with proceeding against the property may be sent directly to the Debtor.

**AGREED AS TO FORM AND CONTENT:**

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**

By:    /s/ *Timothy J. Harvard*
       TIMOTHY J. HARVARD
       State Bar No. 09176400
WHITAKER CHALK SWINDLE & SCHWARTZ, PLLC
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0570
Facsimile: (817) 878-0501

ATTORNEYS FOR MOVANT

JOYCE W. LINDAUER, ATTORNEY AT LAW

By: /s/ Aaron Michelsohn
AARON MICHELSOHN
State Bar No. 24085473
Aaron Michelsohn, Attorney at Law
12720 Hillcrest Road, Suite 625
Dallas, TX 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034

ATTORNEYS FOR DEBTOR

### End of Order ###

Timothy J. Harvard
State Bar No. 09176400
WHITAKER CHALK SWINDLE & SCHWARTZ PLLC
301 Commerce Street, Suite 3500
Fort Worth, TX 76102
Telephone: (817) 878-0570
Facsimile: (817) 878-0501